IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Vicki Linneman, *et al.*, | : | Case No. 1:15-cv-748 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Vita-Mix Corporation, *et al.*, | : | Order |
| | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Awards. (Doc. 42.) Plaintiffs seek an order awarding $7,188,846.25 in attorneys' fees, $50,907.37 in expenses, and $3,000 in service awards to each named Plaintiff.

In support of their request, counsel submitted charts of lodestar and expense totals by law firm (Doc. 42-1), charts by law firm of total time and expenses (broken down by attorney rate, total hours, and requested lodestar) (Doc. 42-2), and the Declarations of W.B. Markovits (Doc. 41-2), Jeffrey S. Goldenberg (Doc. 41-3), Justin C. Walker (Doc. 41-4), Geoffrey Miller (Doc. 41-5), Vicki Linneman (Doc. 42-3), and Obadiah N. Ritchey (Doc. 42-4).

<u>Significantly more documentation is needed</u>. *See Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 310–11 (6th Cir. 2016) (class counsel's submission of a list of employee names, titles, rates, hours, and the total lodestar for the firm in support of its fee request was insufficient; submission in support of incentive awards also was insufficient as it lacked documentation, in the manner of time sheets, detailing time spent on the case by each award recipient). At this stage, the Court does not have enough information to understand the level of experience of each billing professional and his or her individual contribution to the case.

Moreover, this information is essential for the Court to assess each attorney's adjusted Rubin

Committee rate, which is its custom. *See Hunter v. Ham. Cnty. Bd. Of Elections*, No. 1:10-cv-

820, 2013 WL 5467751, at \*17 (S.D. Ohio Sept. 30, 2013).  In addition, the Court lacks

information about each named Plaintiff's time contribution to the case.

      Within ten days of entry of this Order, Plaintiffs' counsel must supplement the record

with the following:

- An affidavit from each attorney/paralegal attesting to his or her experience level, background, tasks billed/completed on this case, billing rate, hours billed in this case, and adjusted Rubin Committee rate;

- Two complete sets of billing records, one filed on the record and the other submitted in electronic form with an index to the Court;[1]

- An affidavit from each Plaintiff seeking a service award describing his or her contribution to this case;

- Two sets of time sheets for each Plaintiff seeking a service award, one filed on the record and the other submitted in electronic form with an index to the Court; and

- A Supplemental brief, no longer than seven pages, addressing how the supplemental evidence supports Plaintiffs' Motion.

      IT IS SO ORDERED.

Judge Susan J. Dlott
United States District Court

---

[1] The Court is striving to make its review of billing records as easy as possible.  Please make an effort to provide an electronic copy that is easy to navigate.  If there are any questions, the Court welcomes Plaintiffs' counsel to contact its case manager or law clerk to discuss them prior to its submission.  Furthermore, if redactions are necessary to protect attorney-client privileged information, Plaintiffs may file both a redacted version and an unredacted version under seal.