UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VICKI LINNEMAN, *et al.*, On Behalf of Themselves and all Others Similarly Situated, | CASE NO. 1:15-cv-748 |
| Plaintiffs, | (Judge Susan J. Dlott) (Magistrate Judge Stephanie K. Bowman) |
| v. | |
| VITA-MIX CORPORATION, *et al.*, | |
| Defendants. | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Settlement Final Approval of Class Action Settlement (Doc. 41), to which Defendants have responded (Doc. 65), Plaintiffs have replied (Doc. 1,79), and Defendants have sur-replied (Doc. 84). Plaintiffs Vicki A. Linneman and Obadiah N. Ritchey, on behalf of themselves and the Class in the litigation, and Vita-Mix Corporation, Vita-Mix Management Corporation, and Vita-Mix Manufacturing Corporation (collectively, "Defendants" or "Vita-Mix"), have entered into the Class Action Settlement Agreement and Release dated September 26, 2017 ("Agreement").[1] The Agreement was preliminarily approved by this Court as fair, adequate, and reasonable pursuant to Rule 23 of the Federal Rules of Civil Procedure on October 31, 2017 (Doc. 40) and, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the Litigation and the dismissal of the Litigation with prejudice. The Court has read and considered the Agreement and the accompanying documents. On March 27, 2018, the Court held a Final

---

[1] All capitalized terms used in this Order have the same meanings set forth in the Agreement.

1

Fairness Hearing, during which it considered all filings, evidence, and testimony presented during the hearing, including objections to the Settlement.

**NOW, THEREFORE,** the Court hereby **FINDS, CONCLUDES, AND ORDERS:**

1. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court certifies, for purposes of effectuating and finalizing the Settlement, the following Settlement Class:

> All Persons domiciled within the United States and its territories who: (a) own a Vitamix household blender with a blade assembly dated on or after January 1, 2007 but before October 1, 2016; or (b) own a Vitamix commercial blender that was (i) purchased on or after September 15, 2015 but before August 9, 2016 or before April 7, 2017 in the case of a commercial blender from the XL product line, (ii) never used in connection with the Replacement Seal, and (iii) purchased through a third-party, such as a dealer, distributor, or restaurant supply store and not acquired directly from Vita-Mix. Excluded from the Class are Defendants and their officers and directors; Class Counsel and their partners, associates, lawyers, and employees; and the judicial officers and their immediate family members and associated Court staff assigned to this case. Also excluded from the Class are persons who own one or more of the blenders described in this Section received as a benefit, gift, award, or compensation directly from Vita-Mix in connection with such person's work for Vita-Mix unless such person separately purchased any blender(s) described in this Section, in which case their eligibility for class membership and benefits is limited to any such purchased blender(s).

2. The Settlement Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) (including the requirements of numerosity, commonality, typicality, and adequacy of representation) and the requirements of Rule 23(b)(3) (predominance and superiority). More specifically, the Settlement Class is ascertainable; it numbers in the millions, satisfying numerosity; there are common questions of law and fact, including whether the seal at issue was defective and whether Ohio law applied nationwide, satisfying commonality; the proposed Class Representatives' claims are typical, in that they are members of the Settlement Class and allege they have been damaged by the same conduct as other members of the Settlement Class; proposed Class Representatives and Class Counsel

can and have fully, fairly, and adequately protected the interests of the Settlement Class; questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy. In so ruling, the Court notes that it has not yet determined whether the Settlement in this case is a "coupon settlement" pursuant to 28 U.S.C. § 1712(e) (the Class Action Fairness Act or "CAFA") and intends to address that issue during the June 28, 2018 hearing on attorneys' fees and class representative awards. However, the Court concludes that the Settlement is fair, adequate, and reasonable under Rule 23 and, to the extent applicable, under any heightened scrutiny that may apply under 28 U.S.C. § 1712(e). This is because members of the Settlement Class have the opportunity to essentially receive complete relief for the flecking issue since they have the option to receive a replacement blade assembly, at no cost.

3. Defendants complied with the notice requirements in CAFA, 28 U.S.C. § 1715. The Court's docket shows that no Attorney General objected to the Settlement Agreement or otherwise attempted to intervene or participate in the Action or the Fairness Hearing following receipt of the CAFA notice.

4. As to the twenty-three objections received, the following Class Members object because the Settlement provides owners of one household blender who own multiple blender containers one replacement blade assembly: Al Advansky; Chris Brenn; Shwandi Chandra; Elizabeth Cosin; Robert Kuan; Anne McAndrew; Steve and Merle Summers; Gordon Trafton; and Gerry Wong. The Court overrules these objections because limiting a replacement blade assembly to each blender, rather than to each container, is reasonable as it effectively prevents

3

fraud since each claim must be supported by the serial number on the base of blender. The Court also notes that Class Members who own more than one Vitamix household blender can provide multiple serial numbers on the claim form and will receive a replacement blade assembly for each household Vitamix blender they own. Providing one replacement blade assembly per blender is certainly a reasonable compromise upon which to settle vigorously contested litigation such as this.

The following Class Members object because they are concerned about possible health effects of the black flecks: Anne McAndrew; Janelle Lewis; and Salma St. John. The Court overrules these objections because this litigation focused upon the alleged economic loss. Further, Class Members are not releasing any claims they may have for medical harm should evidence of medical harm arise in the future.

The following Class Members either object to the attorneys' fees requested by Class Counsel and/or object because they consider the $70 gift card to be a coupon: Kamala Bennett; Chris Brenn; Richard Burlingame; Elizabeth M. Cosin; Thomas Cox, Jr.; Franklin DeJulius; Ryan Gibbs; Jon Lorenzo; Avigail Ruth Short; and Todd Thomas. The Court will address the attorneys' fee objections at the June 28, 2018 hearing and will issue a separate order in this regard. As to the coupon objections, the Court overrules that objection, because even under the heightened scrutiny that may apply under 28 U.S.C. § 1712(e), the Settlement is fair, adequate and reasonable as set forth in paragraph 2.

The following Class Members object to the claim process: Suwundi Chandra; Valerie Collins; Beverly Shefstad; and Barbara Vorce. The Court overrules these objections. Requiring Class Members to return containers to Vita-Mix so that the replacement blade assemblies can be installed in their current containers is reasonable to prevent potential

4

fraudulent claim concerns as discussed by Plaintiffs at the Fairness Hearing and because installing a new blade assembly requires specialized tools and knowledge. Also, the terms of the Settlement provide that Class Members will be without their containers for only a short period of time and that Vita-Mix would cover all shipping costs associated with the installation of a new blade assembly.

The Following Class Members object to the terms of the gift card or believe that the value of the gift card is insufficient: Elizabeth M. Cosin; Valerie Collins; Thomas L. Cox, Jr.; Ryan Gibbs; Beverly Shefsted; Avigail Ruth Short; and Barbara Vorce. The Court overrules these objections because the $70 value associated with each gift card represents a reasonable compromise upon which to settle vigorously contested litigation. The gift card is not the only consideration offered by this Settlement. The free replacement blade assembly option offers a reasonable alternative to the gift card. Those who object to the terms associated with the gift card may select the free replacement blade assembly or opt out of the Settlement.

One objector, Paul Johnson, objects because he believes: (1) the value of the blenders is not impacted by the defect so there is no reason to provide any settlement relief; (2) the settlement hurts an American company; and (3) the lawsuit is frivolous. These objections are overruled as there is evidence in the record suggesting that the presence of flecks negatively impacts some consumer's perception of the blenders, potentially affecting value and that while the parties disagree as to the strength of the claims, the Settlement is a reasonable compromise upon which to settle this vigorously contested litigation.

Finally, the fact that only twenty-three objections were made from the more than 3.8 million Class Members who received either direct mail or email notice provides strong evidence of the reasonableness of the terms of the Settlement. Accordingly, the Court overrules

these objections as noted above and will address the attorneys' fees and coupon objections at the June 28, 2018 hearing.

5. The Court appoints Plaintiffs Vicki A. Linneman and Obadiah N. Ritchey as the Class Representatives of the Class.

6. The Court appoints Bill Markovits, Terence Coates, and Paul M. DeMarco of Markovits, Stock & DeMarco, LLC, Jeffrey S. Goldenberg of Goldenberg Schneider, L.P.A., and Justin C. Walker of the Finney Law Firm, LLC as Class Counsel for the Class.

7. The terms of the Agreement, and the Settlement provided for therein, are finally approved as fair, reasonable, and adequate and as being in the best interests of the Settlement Class.

8. Defendants shall fully implement all remaining terms of the Agreement including but not limited to the timely honoring of all valid claims submitted by Class Members and all other obligations contained therein.

9. The form and content of the Short Form Settlement Notice (which includes a perforated Proof of Claim Form), Settlement Notice, Publication Notice, and electronic Claim Form satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Rules of this Court, and were the best notice practicable under the circumstances and constituted sufficient notice to all persons entitled thereto.

10. JND Legal Administration, previously appointed to supervise and administer the notice process, as well as to oversee the administration of the Settlement, appropriately issued notice to the Class as more fully set forth in the Agreement, which included the creation and operation of the Settlement Website and more than 3.8 million mailed or emailed notices to Class Members. As of March 27, 2018, approximately 300,000 claims have been filed by Class Members, further demonstrating the success of the Court-approved notice program.

11. Having granted final approval to this Settlement, all Class Members who did not opt out from the Settlement Class are forever enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action that arises from or relates to any of the alleged defects, representations, omissions, or claims that were alleged or could have been alleged in the Lawsuit, as described in the Agreement. Attached hereto as Exhibit 1 is a list of the Court-approved opt-outs.

12. Having granted final approval to this Settlement, the Court dismisses on the merits and with prejudice the First Amended Class Action Complaint in *Vicki Linneman v. Vita-Mix Corporation*, S.D. Ohio Case No. 1:15-cv-748, forever discharging the Released Parties from all Released Claims.

13. The Court will enter a separate order addressing Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Awards following the hearing on June 28, 2018.

14. The Court hereby retains jurisdiction over the implementation, administration, interpretation, and enforcement of this Settlement.

Dated: May 3, 2018

*Susan J. Dlott*
HONORABLE SUSAN J. DLOTT
UNITED STATES DISTRICT JUDGE