IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Vicki Linneman, *et al.*, | : | Case No. 1:15-cv-748 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Vita-Mix Corporation, *et al.*, | : | Order Granting in Part the Settlement |
| | : | Class's Motion for Order Requiring |
| Defendants. | : | Posting of Appeal Bond and Expedited |
| | : | Discovery |

This matter is before the Court on the Settlement Class's Motion for Order Requiring Posting of Appeal Bond and Expedited Discovery. (Doc. 102.) The Motion will be **GRANTED IN PART**, as set forth below.

## I.  Background and Procedural History

After the Court granted final approval of the Settlement Agreement on May 3, 2018, Objectors Kamala Bennett and Avigail Ruth Short filed Notices of Appeal. (Docs. 91, 93, 97.) On June 7, 2018, the Settlement Class moved for an order requiring the objectors to post an appeal bond of $250,000 and participate in post-settlement discovery. (Doc. 102.) Objector Bennett filed a response in opposition, to which the Settlement Class replied. (Docs. 107, 114.) Defendants Vita-Mix Corporation, Vita-Mix Management Corporation, and Vita-Mix Manufacturing Corporation (collectively, "Vita-Mix") also responded in opposition. (Doc. 111.)

On October 2, 2018, Objector Short voluntarily dismissed her appeal. (Doc. 127.) As a result, the Settlement Class reduced its request for bond to $125,000. (Doc. 125.)

II.     Analysis

   A. Request For Bond

      1. **Federal Rule of Appellate Procedure 7**

Under Federal Rule of Appellate Procedure 7, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The decision to require bond and the amount thereof falls within the discretion of the district court. *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 638 (N.D. Ohio 2016) (citing *In re Munn*, 891 F.2d 291, 1989 WL 149417, at *1 (6th Cir. 1989)). The district court must determine whether bond is appropriate, and, if so, the amount of the bond. *Id*.

Courts within the Sixth Circuit weigh the following factors to determine whether to impose a bond under Rule 7: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful[;] (3) the merits of the appeal[;] and (4) whether the appellant has shown any bad faith or vexatious conduct." *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prod. Liab. Litig.*, No. 2:11-MD-2233, 2014 WL 2931465, at *2 (S.D. Ohio June 30, 2014) (citing *Gemelas v. Dannon Co., Inc.,* No. 1:08 CV 236, 2010 WL 3703811, at *1 (N.D. Ohio Aug. 31, 2010)). The *In re Polyurethane* case is particularly instructive, as the court found that the four *Gemelas* factors weighed in favor of imposing an appeal bond in similar circumstances. 178 F. Supp. 3d at 640–43. As in that case, the Court will first consider whether the four factors which guide a court's appellate bond

consideration support the Settlement Class's request in reverse order, beginning with the bad faith and vexatious conduct factor.[1]

### a. Bad Faith or Vexatious Conduct

Objector Bennett's attorney, Simina Vourlis, is a "serial" or "professional" objector to class action settlements. "A serial objector's 'sole purpose is to obtain a fee by objecting to whatever aspects of the [s]ettlement they can latch onto.'" *Id.* at 639 (citing *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 n.30 (S.D. Fla. 2011)). "The serial objector's ultimate goal is extortion." *Id*.

Class counsel has drawn the Court's attention to several class action settlement objections filed by Ms. Vourlis since 2014. Of most significant interest, the Honorable Donald C. Nugent of the United States District Court for the Northern District of Ohio granted an appeal bond against Ms. Vourlis's client in a case in which Ms. Vourlis advanced seemingly verbatim arguments as those presented here. *See Meta v. Target Corp., et al.*, Case No. 4:14-cv-832 (N.D. Ohio 2018). The case is also notable insofar as Judge Nugent overruled Ms. Vourlis's objections and imposed an appellate bond, finding her appeal to be "meritless, frivolous, and objectionably unreasonable" and referring to her as a "serial objector" whose objection was significantly impeding relief to the plaintiff and class members. *Meta*, Case No. 4:14-cv-832 (N.D. Ohio Sept. 24, 2018) (Order Granting Appeal Bond, attached as Doc. 125-7 at PageID 4745). This history suggests that Objector Bennett is not appealing in good faith. In addition, neither Objector Bennett nor her attorney appeared at the final fairness hearing, which bolsters this

---

[1] Objector Bennett, responding in opposition, argues that no bond should be imposed. Even if the four *Gemelas* factors applied, her position is that all weigh in favor of not imposing a bond. However, she does not analyze the *Gemelas* factors in depth.

3

conclusion. *See In re Polyurethane*, 178 F. Supp. 3d at 640. Thus, this factor weighs in favor of imposing an appeal bond.

### b. Merits of Appeal

"[A] district court's prejudging of a case's chances on appeal is a necessary by product of the imposition of a bond pursuant to Rule 7." *Id.* (citing *Tri–Star Pictures, Inc. v. Unger,* 32 F. Supp. 2d 144, 149 (S.D.N.Y. 1999), *aff'd,* 198 F.3d 235 (2nd Cir. 1999)). However, "the question of whether an appeal is actually frivolous is best left to the appellate court itself, which has 'the benefit of a fully developed appellate record.'" *Id*. (citing *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007)). The Settlement Class argues that the abuse of discretion appellate standard of review and facial defects with Objector Bennett's objections render her appeal unlikely to be successful. *See Fidel v. Farley*, 534 F.3d 508, 513 (6th Cir. 2008) (The standard of review for approval of a class action settlement is abuse of discretion, with factual findings reviewed for clear error). Vita-Mix argues that there are legitimate questions of law on appeal and it is difficult to know how the Sixth Circuit will rule.

In approving the settlement, the Court reviewed extensive briefs, heard thorough arguments from the parties, and held a final fairness hearing, such that it feels confident in its ruling. On this record, the Court believes Objector Bennett will not be successful in her appeal. This factor, then, weighs in favor of imposing bond.

### c. Risk of Nonpayment

This factor generally weighs in favor of requiring an appeal bond where an objector resides outside of the court's jurisdiction. *In re Polyurethane*, 178 F. Supp. 3d at 641. It is unclear where Objector Bennett resides, because she failed to include her contact information in her objection (despite the requirement that objections must contain a full name, address,

telephone number, and email address). She also did not provide this information in her response in opposition to bond. Thus, the risk of nonpayment factor weighs in favor of imposing bond.

### d. Financial Ability to Post Bond

Lastly, it is the appellant's burden to demonstrate bond would constitute a barrier to appeal. *Id.* at 641–42. Objector Bennett has made no such showing by arguing or presenting evidence that she lacks the financial ability to post a bond. Thus, this factor, too, weighs in favor of imposing bond.

### 2. Amount of Bond

The amount of a bond should be the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Although there is disagreement as to whether "costs on appeal" may include attorneys' fees and administrative fees, there is no dispute that Rule 7 permits recovery of costs as defined in 28 U.S.C. § 1920 and Federal Rule of Appellate Procedure 39. Costs available under 28 U.S.C. § 1920 include "the marshal and clerk fees, court reporter fees, printing and witness fees, copying fees, docket fees, and compensation of court appointed experts and interpreters." *In re Polyurethane*, 178 F. Supp. 3d at 642 (citing *In re Countrywide Financial Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, 2010 WL 5147222, at *2 (W.D. Ky. Dec. 13, 2010)). Rule 39(e) provides that the following costs are taxable: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). The Court finds that the amount of any of these costs applicable on appeal is appropriate to be posted as bond by Objector Bennett.

However, as set forth by the district court in *In re Polyurethane*, courts have diverged on what constitutes "costs on appeal" *beyond* those amounts. 178 F. Supp. 3d at 638 (citing cases). The Sixth Circuit has held that an appeal bond may cover appellate attorneys' fees recoverable under the substantive statute underlying the litigation, even if the statute does not expressly state those fees can be recovered as "costs." *Id*. (citing *In re Cardizem CD Antitrust Litig.,* 391 F.3d 812, 815–818., 817 n.4 (6th Cir. 2004)). A district court may also exercise discretion to impose a bond amount for attorneys' fees likely to be incurred on appeal where the appeal was taken in bad faith. *Gemelas*, No. 1:08-cv-236, 2010 WL 3703811 at *1. And, as was the case in *In re Polyurethane*, the Court may also rely upon its "inherent power to require the posting of cost bonds and to provide for the award of attorneys' fees" even if procedural rules are also in place to govern the same conduct. 178 F. Supp. 3d at 644 (quoting *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002)).

The Settlement Class urges the Court to impose a bond of $125,000. The Class argues that administration costs in this case will be at least as great as those in *In re Cardizem,* which totaled $123,429. The Class contends that delaying disbursement of the settlement with claims approaching $30 million in value would cost the class $300,000 at a 1% interest rate over the course of a year.[2] Vita-Mix objects to including fees or costs from class counsel's litigation against objectors and the inclusion of "some unspecified amount in attorneys' fees." (Doc. 111 at PageID 4497.)

Objector Bennett argues that class counsel's failure to identify a rule or statute that would render her responsible for administrative costs is dispositive of the issue and demonstrates the

---

[2] The Court notes that there is dispute over the amount and calculation of the value of the settlement benefits, which was again highlighted by Vita-Mix's objection to bond.

6

request for bond should be denied. She also argues that the size of the requested bond demonstrates that it is being used to intimidate her from exercising her appellate rights. To support her position, she primarily relies upon *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 614–15 (8th Cir. 2017), *amended*, 855 F.3d 913 (8th Cir. 2017). In that case, the Eighth Circuit Court of Appeals evaluated the district court's imposition of an appeal bond under Rule 7, the bulk of which covered delay costs. In considering other Circuit Courts' rulings on delay costs, the court noted that the Sixth Circuit in *In re Cardizem* permitted delay costs because the underlying statute permitted the prevailing party on appeal to recover any damages incurred, including reasonable attorneys' fees and costs. *Id*. at 615 (citing *In re Cardizem*, 391 F.3d at 817–18). The court concluded that the bond amount must be linked to the amount the appellee stands to have reimbursed, which secures compensation due to successful appellees while avoiding an impermissible barrier to appeal through overly burdensome bonds. *Id*. The court reversed the district court's decision to impose bond and remanded for the district court to reduce the bond to reflect only those costs that the appellees would recover should they succeed on any issues remaining on appeal following the district court's reconsideration of class certification. *Id*.

Although the Court recognizes the application of *In re Cardizem* in the *Target* case, it finds that its inherent power to require the posting of costs bonds and provide for attorneys' fees is not so limited. In *In re Polyurethane*, the court acknowledged the *In re Cardizem* case, but found that it was not constrained by it. 178 F. Supp. 3d at 644 (quoting *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002)). In *In re Polyurethane*, the court concluded that because objectors had all shown some degree of bad faith or vexatious conduct, it was within its discretion to include attorneys' fees and delay costs in an appellate bond pursuant to its inherent

power to manage its affairs.  *Id*.  Similarly, in *Meta*, the court granted a motion for bond to ensure payment of costs, including delay costs, associated with the appeal where the objectors had a history of frivolous appeals but did not rely upon *In re Cardizem* in so ruling.  *Meta*, Case No. 4:14-cv-832 (N.D. Ohio Sept. 24, 2018) (Order Granting Appeal Bond, attached as Doc. 125-7).  The Court finds these cases to be instructive.

In light of the unique circumstances of this case and the vexatious history of Objector Bennett's attorney, which suggests that Objector Bennett may not be appealing in good faith, the Court will exercise its inherent power to require the posting of bond to cover a small portion of projected attorneys' fees and delay costs.  However, the Court finds that the requested amount, a total of $125,000, is too high, mindful that "[a]t some point, if the size of a bond becomes too large, it 'constitutes an impermissible barrier to appeal.'"  *Id*. at 645 (quoting *Adsani v. Miller*, 139 F.3d 67, 76 (2nd Cir. 1998)).  Accordingly, the Court will reduce the bond amount to cover taxable costs, attorneys' fees, and delay costs in the amount of $40,000.  This amount is similar to the bond imposed per objector in the *Meta* case.  Case No. 4:14-cv-832 (N.D. Ohio Sept. 24, 2018) (Order Granting Appeal Bond, attached as Doc. 125-7) (awarding $80,000 bond to be divided equally between the two appellant objectors).  Objector Bennett is ordered to post bond within fourteen days of entry of this Order.

### B. Request for Discovery

The Court now turns to the Settlement Class's request for expedited discovery.  The Class argues that counsel should be permitted to take discovery, including document requests and depositions, from Objector Bennett and Ms. Vourlis "relating to Ms. Bennett's objection, including her relationship with Ms. Bennett and Ms. Vourlis's actions as objecting counsel."  (Doc. 102 at PageID 4038.)  In its reply brief, the Settlement Class argues that Objector

Bennett's choice of counsel raises "legitimate suspicions" which render discovery appropriate. (Doc. 114 at PageID 4518.)

Responding in opposition, Objector Bennett argues that the discovery requests are unnecessary harassment. She argues that the class notice contained no indication that she may be subject to discovery for filing an objection. In addition, she contends that discovery in other cases was permitted to determine if the objector had standing, which is not at issue, and that there is no precedent to conduct discovery from her attorney.

As set forth by the Settlement Class, several courts have approved discovery from objectors either prior to final approval of a settlement agreement or after a class action settlement has been approved. For example, in *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012), the court retained jurisdiction to preserve the integrity of its judgment after final approval of a class action settlement. As in this case, an objector filed a notice of appeal after the settlement was approved and the judgment entered. *Id*. at 534. Plaintiffs sought discovery from an objector. *Id*. at 531. The court found that the requested discovery was narrowly tailored to the issues of standing, the bases for objections, the objector's role in objecting to this and other class action settlements, and the objector's relationships with the counsel that were believed to be manipulating him behind the scenes. *Id*. at 533. Because the objector voluntarily appeared in the ligation, he was subject to discovery, including a limited deposition. *Id*. Similarly, in *In re Netflix Privacy Litig.*, No. 5:11-cv-00379, 2013 WL 6173772, at *2 (N.D. Cal. Nov. 25, 2013), the court relied upon the *CRT* case and granted the plaintiffs' request for discovery regarding the merits and motivations behind the objectors' appeals as well as their relationships with counsel. *Id*. at *5. As the objectors voluntarily inserted themselves into the action, depositions were relevant and proper. *Id*. And in *In re Fortman*, No. 4:16-MC-

421, 2016 WL 4046760, at *2 (E.D. Mo. July 27, 2016), the court denied a motion to quash subpoenas directed at class action settlement objectors' counsel, known to be serial objectors. The court considered the fact that the discovery requested was relevant to assessing the merits of objections to the class action settlement. *Id*.

The Court finds that in light of the vexatious nature of Objector Bennett's attorney's history, discovery from Objector Bennett and her counsel is appropriate and in line with similar requests that have been considered and permitted by other courts. The Court therefore grants the Settlement Class's request for discovery and will allow discovery requests and depositions of either or both Objector Bennett and her attorney, Ms. Vourlis.

**III. Conclusion**

For the reasons set forth herein, the Settlement Class's Motion for Order Requiring Posting of Appeal Bond and Expedited Discovery (Doc. 102) is **GRANTED IN PART**. The Court **GRANTS** the Settlement Class's request for bond but reduces the amount to $40,000. Objector Bennett is ordered to post bond within fourteen days of entry of this Order. The request for discovery is **GRANTED**.

**IT IS SO ORDERED.**

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court
