UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VICKI LINNEMAN, *et al.*, On Behalf of Themselves and all Others Similarly Situated, | : : : | CASE NO. 1:15-cv-748 |
| Plaintiffs, | : : | Judge Susan J. Dlott Magistrate Judge Stephanie K. Bowman |
| v. | : : | |
| VITA-MIX CORPORATION, *et al.*, | : : | |
| Defendants. | : | |

**CLASS COUNSEL'S RESPONSE TO DEFENDANTS' BRIEF REGARDING GIFT CARD REDEMPTION RATES**

Defendants' Brief Regarding Gift Card Redemption Rates (Doc. 160, "Brief") reverses course on their prior argument that this Court's lodestar approach was not only permissible but necessary. In making this request to abandon a position that they themselves supported, Defendants continue to ignore that the blade assembly replacement option is the primary Settlement benefit, and the sole settlement benefit available to all Class Members (commercial and residential).

The only relevance the claims administration process has to this Court's fee determination is that Class Counsel has spent over 1,000 hours of uncompensated time—and will be spending a great deal more—to ensure that Class Members receive the benefits to which they are entitled, with as little difficulty as possible. This fact bears upon the "results achieved" factor in this Court's lodestar analysis.

1

I. **VITA-MIX'S SHIFTING ARGUMENTS**

While Defendants originally argued that lodestar was "the *only* permissible methodology for determining a fee award" (Doc. 72, PageID# 3074 (emphasis added)), they now argue that the lodestar approach adopted by the Court is *impermissible* under CAFA. (Doc. 160, Brief at PageID## 6274-75). While Defendants originally argued (with support from their expert) that because the gift cards do not expire it would be "difficult (if not impossible) for this Court simply to defer determination of the redemption rate for purpose of making a fee award" (Doc. 72, PageID# 3078), they now argue (using the same expert) that the redemption rate is readily calculable. (Brief at PageID## 6273-74). Class Counsel respectfully request that the Court ignore such after-the-fact turnabouts.

II. **VITA-MIX'S REQUEST FOR RECONSIDERATION SHOULD BE DENIED**

Citing a *dissenting opinion* from the Sixth Circuit, Vita-Mix now wants this Court to reconsider its decision to apply a lodestar approach. (Brief at PageID# 6275). There is no basis for doing so. The Court's previously stated approach, supported by well-reasoned case law, is appropriate. (Order, Doc. 155, at PageID## 6196-99).

The Court certainly should not reconsider its decision based upon the 180° flip-flop by Defendants and their expert regarding gift card redemption rates. Although Vita-Mix previously indicated that the redemption rate for gift cards would be difficult if not impossible to determine, it now asserts that it will be less than 13%. This is for a gift card that has a minimum value of $70, can be used in conjunction with promotions, is transferable and therefore marketable,[1] and—of

---

[1] For example, codes are being and have been sold on eBay. *See, e.g,* https://www.ebay.com/itm/Vitamix-70-Off-Coupon-Gift-Code-for-Blender-or-Container-No-Expiration-date/153582080058?hash=item23c234903a:g:AsMAAOSwFttdONWY (last accessed Aug. 8, 2019).

most importance—*has no expiration date and thus is redeemable forever*. Vita-Mix reaches its conclusion based upon the opinion of Mr. Buffo, who has expertise in neither gift cards nor redemption rates. He cites no studies, and no methodology recognized in gift card redemption, as a basis for his conclusion. He simply offers what he characterizes as the mathematical "best possible line" for redemptions to date, and then projects that line forward. But his "line" ignores at least two important considerations: 1) because there is no expiration date, claimants who want to use the gift card for a blender or container can wait until they need a new blender or container; and 2) the data reflect a significant spike due to a May 2019 promotion, which suggests that there will be additional periodic spikes as Vita-Mix engages in future promotions. This suggests that Mr. Buffo's new declaration is unreliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).

### III. VITA-MIX'S FOCUS ON GIFT CARDS IGNORES THE PRIMARY SETTLEMENT BENEFIT – BLADE REPLACEMENT

Vita-Mix's focus on gift card redemption is, in any event, misplaced. Because the Court concluded that it will not consider a percentage-of-benefit crosscheck in determining an award of attorneys' fees in this case, gift card redemptions are of marginal relevance when awarding fees under the lodestar with multiplier method. Even were this Court to entertain a "percentage cross-check" to its lodestar calculation, the appropriate cross-check would be based upon the value of the primary benefit negotiated by Class Counsel—blade replacement.[2] Unlike the alternative gift card benefit, the blade replacement was available to all claimants, consumer and commercial. And the appropriate consideration on a percentage cross-check for *this* benefit—which is not a coupon

---

[2] Vita-Mix acknowledged that the gift card was provided as an "alternative benefit." Doc. 65, PageID# 2608.

and is not covered by CAFA—would be the value of the repair that was made available to all claimants. *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 282 (6th Cir. 2016). *See also Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 WL 275711, at *4 (S.D. Ohio Jan. 18, 2019) ("To determine the amount of the benefit conferred, courts look to the total amount made available to the class, rather than the amount ultimately claimed by class members."); *Arledge v. Domino's Pizza, Inc.,* No. 3:16-CV-386-WHR, 2018 WL 5023950, at *3 (S.D. Ohio Oct. 17, 2018) (same). That value is somewhere between \$268,000,000 and \$383,000,000,[3] supporting Class Counsel's requested fee on a percentage cross-check, and in any case supporting the fee under the "results achieved" factor considered in a lodestar analysis. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) ("A highly important *Johnson* factor is the *result achieved.*") (emphasis in original).

IV. **THE CLAIMS ADMINISTRATION PROCESS IS RELEVANT ONLY TO THE EXTENT IT REFLECTS ALMOST 1,000 HOURS IN UNCOMPENSATED TIME CLASS COUNSEL HAVE EXPENDED FOR THE BENEFIT OF THE CLASS**

To the extent the redemption process is relevant to fees, it is because it too reflects on the "results achieved" by Class Counsel, and the difficulty in achieving those results. Class Counsel has spent over 1,000 uncompensated hours at this point[4] to advocate for Class Members and to fight against Defendants' efforts to tamp down redemptions. A number of issues have arisen during

---

[3] *See* Doc. 135, PageID# 4980.
[4] As of August 6, 2019, Class Counsel billed an additional 1,238.30 hours following the Court's November 23, 2018 cut-off for compensable time. (Order, Doc. 155, PageID# 6205). Declaration of Terence R. Coates in Support of Class Counsel's Response to Defendants' Brief Regarding Gift Card Redemption Rates ("Coates Declaration"), ¶ 2 (Doc. 162-1, PageID# 6345). These hours have a corresponding lodestar of \$441,440.00. *Id.* This still leaves Class Counsel with roughly 2,000 fewer hours than Defendants' counsel, reflecting both the reasonableness of the hours expended and the efficiency with which Class Counsel have approached this matter, both relevant factors in fee determination. Doc. 42, PageID## 800-01 (listing cases indicating that lodestar multipliers are appropriate in cases where plaintiffs' counsel efficiency actually reduced their lodestar total).

claims administration, many of which have been resolved through diligent effort by Class Counsel and without the need for Court intervention. A sampling of these issues includes:

- Defendants' refusal to pay for JND, the court-appointed claims administrator, to respond to Class Members' complaints—a typical function performed by a claims administrator. Class Counsel was not satisfied with Vita-Mix or RTR solely responding to Class Members, so required communications to include Class Counsel's contact information to allow Class Members to readily contact Class Counsel if necessary—which thousands of class members have done. Doc. 162-1, Coates Declaration, PageID# 6346, ¶ 4.

- Defendants' refusal to pay for continuation of the settlement administration website. Class Counsel remedied this issue by paying this expense, without additional compensation. *Id.*, PageID# 6346, ¶ 5.

- Defendants' attempt to limit the definition of "container" to prevent use of the gift cards to purchase the Vita-Mix containers that can be purchased for less than $70. This was remedied by the parties with guidance from the Court. *See* Docs. 149, 151, 152; Doc. 162-1, Coates Declaration, PageID## 6346-47, ¶ 7.

- Defendants initially proposed a queuing period for blade replacement that would have required up to a three-year waiting period for claimants seeking that benefit. Class Counsel attempted to resolve this through negotiation, which resulted in an initial compromise of providing an initial queuing period based upon scheduling 500 blade replacements per day for a month or so to see both the rate of submission and the rate at which replacement could take place. When this information indicated that Defendants could compress the queuing schedule to finish at the end of June 2019, rather than the originally scheduled finish date of December 23, 2019, Defendants refused to make that adjustment, though Defendants ultimately agreed to shorten the queuing schedule by three months for a finish date of September 30, 2019. Coates Declaration, PageID# 6347, ¶ 8.

- Any blade replacement claimant who had an issue with meeting their scheduled date in the queue—whether it was the fault or the claimant or not—was told they would be put to the end of the queue. Vita-Mix chose this course even though it had the clear ability to provide an alternative date close to their originally scheduled date. *Id.*, PageID# 6347, ¶ 9.

- The redemption procedures for blade replacements and gift codes were made unnecessarily complicated by Vita-Mix. For example, the email notifications that Class Members received are far less clear or standardized than the samples of email notifications in the July 17th Declaration of Scott Bly. *Id.*, PageID# 6348, ¶ 10.

- Vita-Mix, for obvious reasons, wished to discourage costly blade replacements in favor of less-costly gift cards. Communications to gift code recipients were generally from Vita-Mix, as a claimant might expect. Communications to blade replacement claimants often came from RTR, an entity unknown to claimants, increasing the likelihood that these

5

communications would be caught in spam filters, deleted, or otherwise ignored. *Id*., PageID# 6348 ¶ 11.

- Class Counsel received a high volume of contacts from claimants who were reaching out because they had heard nothing regarding their claim status. Class Counsel investigated and discovered in May 2019 that approximately 10,500 claimants whose claims were denied had received no notice of claim denial. Class Counsel repeatedly pressed Vita-Mix to authorize payment for a notice of denial to these claimants. Finally, immediately before the July 18, 2019 hearing with the Court and with the knowledge that Class Counsel intended to raise this issue, Vita-Mix counsel agreed to notify these claimants of the denial of their claims. To date no such notice has gone out, but Class Counsel expect this issue to be resolved without Court intervention. *Id*., PageID # 6349, ¶ 15.

These are just a few of the issues that Class Counsel have encountered, and in many cases will continue to encounter, as the claims administration process proceeds. When accounting for the benefit that Class Counsel has brought to Class Members, these continuing efforts should be considered.

V. **THE VALUE OF RTR'S TIME IS A "RESULT ACHIEVED" UNDER A LODESTAR ANALYSIS**

To the extent this Court's lodestar calculation evaluates the benefit to the Class, all administration costs should be considered, including those related to RTR. *Gascho v. Glob. Fitness Holdings, LLC,* 822 F.3d 269, 282 (6th Cir. 2016). Vita-Mix decided on its own to stop using JND, the court-appointed administrator, for typical settlement administration tasks. Vita-Mix hired RTR, a company it has used before, presumably for greater control of expense and the content of communications. But Vita-Mix's decision does not mean that the expenses associated with RTR are not administration costs that benefit the class.[5] They are, just as those associated with JND are.

---

[5] RTR has staffed a call center and sent communications to class members—all typical tasks of a settlement administrator. RTR's total invoices to date have been deemed confidential by Vita-Mix, and will be provided under seal to the Court. JND's invoices to date total roughly $2,083,005.86.

## CONCLUSION

Class Counsel respectfully request that this Court (1) maintain its ruling that the lodestar with a multiplier method is the appropriate method for determining reasonable attorneys' fees, (2) reject the proposed opinion of Stephen Buffo, and (3) include JND's and RTR's invoices if it decides to consider the total benefit available to Class Members in this Settlement.

Respectfully submitted,

s/ *Terence R. Coates*
W.B. Markovits (0018514)
Paul M. De Marco (0041153)
Terence R. Coates (0085579)
Justin C. Walker (0080001)
MARKOVITS, STOCK & DeMARCO, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209
Phone:  (513) 651-3700
Fax:   (513) 665-0219
*bmarkovits@msdlegal.com*
*pdemarco@msdlegal.com*
*tcoates@msdlegal.com*
*jwalker@msdlegal.com*

Jeffrey S. Goldenberg (0063771)
GOLDENBERG SCHNEIDER, L.P.A.
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202-3604
Telephone:  (513) 345-8291
Facsimile:  (513) 345-8294
*jgoldenberg@gs-legal.com*

*Class Counsel*

## **CERTIFICATE OF SERVICE**

  I certify that on August 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on CM/ECF.

               *s/ Terence R. Coates*
               Terence R. Coates (0085579)
               MARKOVITS, STOCK & DEMARCO, LLC