IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Vicki Linneman, *et al.*, | : | Case No. 1:15-cv-748 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Vita-Mix Corporation, *et al.*, | : | Order Conditionally Granting |
| | : | Defendants' Motion to Stay Judgment |
| Defendants. | : | Pending Appeal, Sustaining Partial |
| | | Objection thereto, and Granting |
| | | Plaintiffs' Motion for Post-Judgment |
| | | Interest |

This matter is before the Court on the Motion to Stay Judgment Pending Appeal (Doc. 168) filed by Defendants Vita-Mix Corporation, Vita-Mix Management Corporation, and Vita-Mix Manufacturing Corporation (collectively, "Vita-Mix"), Plaintiffs' Motion for Post-Judgment Interest and Partial Opposition to Defendants' Motion to Stay Judgment Pending Appeal (Docs. 171, 172),[1] Defendants' Reply in Further Support of Motion to Stay Judgment Pending Appeal and Memorandum in Opposition to Class Counsel's Motion for Post Judgment Interest (Docs. 174, 175),[2] and Plaintiffs' Reply in Support of Motion for Post-Judgment Interest (Doc. 176). For the reasons that follow, the Court will grant the Motion to Stay Judgment Pending Appeal and will set bond including post-judgment interest on the attorneys' fees, expenses, and service awards; and Plaintiffs' Motion for Post-Judgment Interest will be granted.

On May 3, 2018, the Court entered an Order approving the class action settlement. (Doc. 91.) On June 25, 2019, the Court granted in part Class Counsel's Motion for Attorneys' Fees, Costs, and Class Representative Awards (Doc. 155) and awarded Class Counsel's request for

---
[1] The Clerk's Office requested that Plaintiff refile the initial pleading as a Motion; substantively, the two filings are the same.
[2] These filings are also the same—responsive to the distinct filings referenced in n.1, *supra*.

$41,194.77 in expenses as well as $3,000 in service awards for each of the two named Plaintiffs. On September 11, 2019, the Court granted in part Plaintiffs' request for attorneys' fees and awarded fees in the amount of $3,923,017.96. (Doc. 166.) The same day, the Clerk entered a judgment in the amount of $3,923,017.96.[3] (Doc. 167.) On October 9, 2019, Defendants gave notice of an appeal to the United States Court of Appeals for the Sixth Circuit from the Court's two Orders on fees, expenses, and service awards as well as the Clerk's judgment. (Doc. 169.) In their Motion to Stay Judgment Pending Appeal, Defendants move the Court pursuant to Fed. R. Civ. P. 62(b) for Court approval to stay the operation of the remaining judgment it has yet to pay and approve a bond in the amount of $2,277.657.98, which it asserts represents the unpaid judgment amount.

> Pursuant to Rule 62(b):
>
> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

"[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)[.]"[4] *Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). "The purpose of Rule 62(b) is "to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *Maxum Indem. Co. v. Drive W. Ins. Servs., Inc.*, No. 1:13-cv-191,

---

[3] However, the total judgment is calculated as the amount of fees plus the prior expenses awarded, totaling $3,970,212.73.

[4] Prior Rule 62(d) has been revised into current Rule 62(b). "In 2018, Civil Rule 62 was reorganized and its provisions for staying a judgment changed. . . . What had been Civil Rule 62(d) (concerning supersedeas bonds) was revised and became new Civil Rule 62(b); Civil Rule 62(b) now refers to obtaining a stay 'by providing a bond or other security' – making clear that security may take forms other than a bond." 16A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 3954 (5th ed. 2019).

2019 WL 340107, at *1 (S.D. Ohio Jan. 28, 2019) (quoting *Exel, Inc. v. Southern Refrig.Transp., Inc.*, No. 2:10-cv-994, 2014 WL 6901765, at *1 (S.D. Ohio Dec. 5, 2014), *summary judgment order vacated and remanded*, 807 F.3d 140 (6th Cir. 2015)).

"[T]he court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Id.* (quoting *Buckhorn Inc. v. Orbis Corp.*, No. 3:08-cv-459, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014)). It is within the Court's discretion to dispense with the supersedeas bond requirement, but a full bond should almost always be required. *Id*. (citing *Excel*, 2014 WL 6901765, at *2). Full bond generally includes damages, prejudgment interest, and post-judgment interest. *Excel*, 2014 WL 6901765, at *4 (citing *Jack Henry & Assocs., Inc. v. BSC, Inc*., 753 F. Supp. 2d 665, 673–74 (E.D. Ky. 2010), *aff'd*, 487 F. App'x 246 (6th Cir. 2012)).

The parties dispute whether bond in this case should include post-judgment interest. Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Defendants argue that this statute does not apply to settlements approved by a district court. They rely on *Reynolds v. Ala. Dep't of Transp.*, No. 2:85cv665-MHT, 2006 WL 3063463 (M.D. Ala. Oct. 27, 2006), in which the court found that "§ 1961 does not apply to settlements" and noted "sparse" case law on the point. *Id*. at *1. They reason that because this case involves attorneys' fees awarded pursuant to a Court-approved settlement agreement, it falls within a line of cases holding that the post-judgment interest statute does not apply. *See, e.g., Sherrod v. Sch. Bd. of Palm Beach Cnty.*, No.: 12-CV-80263, 2013 WL 12141354 (S.D. Fl. Mar. 19, 2013) ("[Section] 1961, the statutory vehicle for post-judgment interest on money judgments recovered in district court, does not apply to settlement agreements."); *In re Ivan F. Boesky Sec. Litig.*, 913 F. Supp. 256, 260 (S.D.N.Y. 1996) ("Court-

3

approved settlements are not covered by [§ 1961]. Attorneys' fees out of a Class Settlement, as in this case, do not create the type of 'judgment' referred to by the statute."); *Padberg v. McKechnie*, No. CV-00-3355 (RJD), 2007 WL 951929, at *1 (E.D. N.Y. Mar. 27, 2007) (same, contrasting the case before it with settlements that "provide a basis for determining that a party has prevailed and is therefore entitled to an award of attorney's fees"); *Isaiah v. City of New York*, No. 96 CIV. 1323 BSJ, 1999 WL 38846, at *1 (Jan. 29, 1999) (money paid pursuant to a settlement not subject to § 1961, because "no court adjudication *of the suit* occurs." (emphasis added)).

Plaintiffs argue that Defendants rely on out-of-district cases that are distinguishable because they did not involve a court-determined fee. They contend that a fee determined and awarded by a court fits within the parameters of § 1961, which states that post-judgment interest "shall" be paid. *See, e.g., Petruzzi's Inc. v. Darling-Delaware Co.*, 983 F. Supp. 595, 599 (M.D. Pa. 1996) (post-judgment interest awarded on an attorney fee award following a class action settlement); *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F. Supp. 2d 935, 937 (E.D. Va. 2000) (post-judgment interest on attorneys' fees awarded pursuant to a discretionary fee-shifting statute under the Americans with Disabilities Act, 42 U.S.C. § 12205).

Neither the parties' nor the Court's own investigation has revealed a case within this circuit directly on point. But there is authority for the proposition that § 1961 can be applied to attorneys' fee awards. *Associated General Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482 (6th Cir. 2001) established that "any money judgment" in 28 U.S.C. § 1961(a) includes an award of attorneys' fees in the context of 42 U.S.C. § 1983. Therein, the district court's judgment included a finding that plaintiffs were the "prevailing party" under § 1983's fee-shifting statute, and plaintiffs' fee application followed. *Id.* at 483. This conclusion rested on the fact that the

4

court saw "no reason to distinguish between judgments for attorney fees and judgments for other types of damages . . . ." *Id.* at 485. In addition to holding that post-judgment interest was appropriate in the context of an attorneys' fee award under 42 U.S.C. § 1983, the Sixth Circuit held that the calculation of such interest is tied to "the judgment that unconditionally entitles the prevailing party to reasonable attorney fees" as opposed to the judgment quantifying the fees. *Id.* at 494. In that case, the calculation ran from the judgment on the merits, which also included the court's decision "to award [plaintiffs] reasonable attorney fees and costs." *Id.* at 483.

In *U.S. ex rel. Lefan v. General Elec. Co.*, 397 F. App'x 144, 145 (6th Cir. 2010), the Sixth Circuit considered attorneys' fees arising in the context of a False Claims Act ("FCA") settlement. The FCA contains a fee shifting provision (31 U.S.C. § 3730(d)(1)) that "treats the award of attorneys fees as another phase of the same litigation." *Id.* at 147. Purporting to follow *Drabik*, the district court had calculated post-judgment interest from the date of the determination of the award. *Id.* at 151–52. The Sixth Circuit reversed: "[i]n light of the FCA's mandatory fee-shifting provision, we hold that a final order issued in the FCA case [including consent to partial settlement] that entitles a relator to a share of the Government's recovery also entitles the relator to attorneys' fees." *Id.* at 152.

*Heartland Materials, Inc. v. Warren Paving, Inc.*, 384 F. Supp. 3d 786 (W.D. Ky. 2019), *appeal docketed*, No. 19-5510 (6th Cir. May 13, 2019), involved a contractual fee shifting provision. *Id.* at 792. The court there found that attorneys' fees—predicated upon its decision that defendants had breached the parties' contract—were subject to post-judgment interest. *Id.* at 799. It cited the overarching purpose of post-judgment interest as explained by the United States Supreme Court: "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by defendant."

*Id.* at 800 (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36). The court's discussion centered around the calculation of post-judgment interest—citing *Drabnik* for the proposition that "interest on attorney's fees begins to accrue on the date of the award unconditionally entitling the prevailing party to fees, even if the fees have not been reduced to a sum certain." *Id.* at 801 (citation omitted). The court concluded that post-judgment interest on attorneys' fees would run from the date of its order because "prior to the entry of this judgment, it was uncertain whether Plaintiffs were entitled to an award of fees." *Id.*

Applying the analyses employed in these cases to the facts at bar, the Court finds that Plaintiffs' attorneys' fees, expenses, and service award is subject to post-judgment interest under § 1961. This interest shall accrue from May 3, 2018—the date that the Court entered its Order approving the settlement (Doc. 91), which included the parties' agreement that "Plaintiffs are entitled to a reasonable award of attorneys' fees and expenses . . . ." (Doc. 41, PAGEID #: 656). The Court finds that this is the date on which Plaintiffs became unconditionally entitled to an award of attorneys' fees. The Sixth Circuit precedent noted above is clear that the parties' caveat, that "the amount of [the reasonable award of attorneys' fees] shall be determined by the Court" at a later date, should not change the analysis. (*Id.*) *See Drabik*, 250 F.3d at 495 ("We respectfully decline to accept . . . that . . . the term money judgment is commonly understood to require an award of a fixed sum to the prevailing party. . . . [A] judgment that unconditionally entitles a party to reasonable attorney fees is the money judgment contemplated by § 1961.") (internal quotation marks omitted); *Leflan*, 397 F. App'x at 152 ("[A] final order issued in an FCA case that entitles a relator to a share of the Government's recovery also entitles the relator to attorneys' fees.").

While the Court appreciates that there are distinctions between the cases cited by Plaintiffs (*e.g.*, fee-shifting provisions) and the precise facts at bar, the Court is not persuaded that they warrant departure from the post-judgment interest principles set out in *Drabik* and *Leflan* in the context of attorneys' fee awards. Plaintiffs' Motion for Post-Judgment Interest (Doc. 172) is therefore **GRANTED**. Defendants' Motion to Stay Judgment Pending Appeal (Doc. 168) is hereby **GRANTED** with a supersedas bond set in the amount of $2,413,267.94.[5] Because an award of post-judgment interest is mandatory, it is not necessary to amend the judgment (Doc. 167).[6] *See Lankford v. Reladyne, LLC*, No. 1:14-cv-682, 2016 WL 3640691, at *7 (S.D. Ohio June 29, 2016).

**IT IS SO ORDERED.**

DATED: November 26, 2019

                                                            S/Susan J. Dlott_____
                                                            Judge Susan J. Dlott
                                                            United States District Court

---

[5] The total judgment ($3,970,212.73) accrues post-judgment interest at the rate of 2.25% given the Court's determination that it begins with the Court's May 3, 2018 Order (Doc. 91). (https://www.casb.uscourts.gov/sites/casb/files/documents/postjudgment/historic_rates.pdf.) Between May 4, 2018 and October 15, 2019, interest accrued at a rate of $244.74 per day ([2.25% * $3,970,212.73] / 365) for a total of $129,712.20 (530 days * $244.74). The judgment balance $2,277,658.94 (*i.e.*, the total judgment ($3,970,212.73) less the amount paid by Defendants on October 15, 2019 ($1,692,553.79)) is accruing interest at a rate of $140.40 per day ([2.25% * $2,277,658.94] / 365). Through November 26, 2019, the accrued interest on the judgment balance is $5,896.80 (42 days * $140.40). The total post-judgment interest through November 26, 2019, in addition to the amount of the amount of the judgment balance, equals the amount of the supersedas bond ($129,712.20 + $5,896.80 + $2,277,658.94)

[6] "As a general rule, an effective notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (citations omitted). But here, where determination of post-judgment interest does not require amendment to the judgment, the Court does not find that its exercise of jurisdiction is action "that *alter*[s] the case on appeal." *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003)). *See also Leflan*, 397 F. App'x at 152 (vacating judgment and remanding decision of lower court, No. 4:00-CV-222, 2008 WL 859432, at *3 (W. D. Ky. Mar. 28, 2008), which had held that a notice of appeal had divested it of jurisdiction over the clarification of attorneys' fees).